IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SATYADHAR JOSHI,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:26-CV-3207-N-BW |
| | § | |
| MARKWAYNE MULLIN, Secretary,<br>U.S. Department of Homeland Security,<br>et al.,<br>Defendant. | §<br>§<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

**ORDER TO SERVE DEFENDANT**
**AND FOLLOW COURT RULES**

Plaintiff Satyadhar Joshi, proceeding pro se, filed a Complaint for Declaratory and Injunctive Relief under the Administrative Procedure Act on September 23, 2026, challenging the denial of his Immigrant Petition for Alien Workers (Form I-140). (*See* Dkt. No. 3.) Joshi paid the filing fees and, on September 23, the Clerk issued summonses. On October 2, 2026, Joshi filed proofs of service purporting to have served summonses on each of the three named Defendants by certified mail. (*See* Dkt. Nos. 6, 7, 8.)

Joshi's filings do not establish that Defendants have been validly served in compliance with Fed. R. Civ. P. 4. First, as a party, Joshi cannot be the person who serves Defendants. *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and *not a party* may serve a summons and complaint." (emphasis added)). Service

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management. (*See* Dkt. No. 1.)

must be effected by a process server or other disinterested person. Second, the proofs of service do not show that Defendants were served with a summons and a copy of the operative complaint. *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint.").

Joshi pay re-request summonses from the Clerk and "furnish the necessary copies to the person who makes service." *See* Fed. R. Civ. P. 4(c)(1).

The Court advises Joshi that proper service must be made and shown to the Court through a filed proof of service no later than **December 22, 2026**. *See* Fed. R. Civ. P. 4(m). If Joshi fails to show proof of valid service on Defendant by the deadline established by Rule 4(m), this case is subject to dismissal without prejudice unless Plaintiff shows both (1) good cause for the failure and (2) good cause for the Court to extend the time for service for an appropriate specified period. *See* Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

Finally, the Court also calls Plaintiff's attention to the "Instructions to a Non-Prisoner *Pro Se* Plaintiff" provided to Plaintiff upon filing this action. (*See* Dkt. No. 2.) Consistent with these instructions, Plaintiff is **ORDERED** to register as a user of the court's electronic filing system within 10 days if she has not already done so. Additionally, as the instructions explain, Plaintiff is obligated to read, understand, and follow the Federal Rules of Civil Procedure and the Court's local rules. *See* N.D. Tex. L. Civ. R. 83.14. Among the rules Plaintiff must follow are (1) N.D. Tex. L.

Civ. R. 3.1(c), which requires Plaintiff to file a certificate of interested persons, and (2) N.D. Tex. L. Civ. R. 7.2(f), which requires the disclosure of any brief prepared using generative artificial intelligence. Failure to follow court rules may result in sanctions or dismissal of this action.

**SO ORDERED** on October 5, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE